# IN THE SUPREME COURT, STATE OF WYOMING

## 2019 WY 114

*October Term, A.D. 2019*

*November 14, 2019*

BOARD OF PROFESSIONAL
RESPONSIBILITY, WYOMING
STATE BAR,

Petitioner,

v.

D-19-0010

JOHN JOSEPH DELEON, WSB
#6-3387,

Respondent.

## ORDER OF PUBLIC CENSURE

[¶ 1]   **This matter** came before the Court upon a "Report and Recommendation for Public Censure," filed herein October 31, 2019, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure (Stipulated Discipline).   The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Respondent John Joseph DeLeon should be publicly censured for his conduct.   It is, therefore,

[¶ 2]   **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's "Report and Recommendation for Public Censure," which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶ 3]   **ADJUDGED AND ORDERED** that John Joseph DeLeon is hereby publicly censured for his conduct, which is described in the Report and Recommendation for Public Censure.   The Wyoming State Bar may issue a press release consistent with the one set out in the Report and Recommendation for Public Censure; and it is further;

[¶ 4]   **ORDERED** that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Mr. DeLeon shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $750.00.  Mr. DeLeon shall pay the total amount of $800.00 to the Wyoming State Bar on or before December 31, 2019.  If Mr. DeLeon fails to make payment in the time allotted, execution may issue on the award; and it is further

[¶ 5]   **ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, as a matter coming regularly before this Court as a public record; and it is further

[¶ 6]   **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶ 7]   **ORDERED** that the Clerk of this Court cause a copy of this Order of Public Censure to be served upon Respondent John Joseph DeLeon.

[¶ 8]   **DATED** this 14th day of November, 2019.

BY THE COURT:

/s/

**MICHAEL K. DAVIS**
**Chief Justice**

BEFORE THE SUPREME COURT

STATE OF WYOMING

D-19-0010

IN THE SUPREME COURT
STATE OF WYOMING
FILED

OCT 3 1 2019

PATRICIA BENNETT, CLERK

by CHIEF DEPUTY

In the matter of
JOHN JOSEPH DELEON,
WSB NO. 6-3387,

Respondent.

)
)
)
)
)
)

*Docket No. 2019-107*

## REPORT AND RECOMMENDATION FOR PUBLIC CENSURE

THIS MATTER came before a Review Panel of the Board of Professional Responsibility via telephone conference call on the 8th day of October, 2019, for consideration of the parties' Amended Stipulation for Public Censure pursuant to Rules 9 and 12 of the Wyoming Rules of Disciplinary Procedure. Present on the call were Review Panel members Christopher Hawks, John Masterson and Janine Thompson. Mark W. Gifford, Bar Counsel appeared on behalf of the Wyoming State Bar. Respondent John DeLeon appeared without counsel. The Review Panel having reviewed the Amended Stipulation, the supporting Amended Affidavit and being fully advised in the premises, finds, concludes and recommends as follows:

### Findings of Fact

1.     Respondent has been licensed to practice in Wyoming since 2001. Beginning in 2018, while he was employed as a public defender in Rawlins, Respondent had a sexual relationship with Candice Nichole Cortez, a resident of Rawlins, Wyoming, who in 2016 pleaded guilty to second-degree sexual abuse of a minor. Respondent was not Cortez's attorney in the criminal matter and never had a lawyer-client relationship with her. Cortez was sentenced to serve not less than three years nor more than eight years in the custody of the Wyoming

Department of Corrections; however, the term of incarceration was suspended in lieu of a five-year term of supervised probation.

2.    Cortez was required to comply with all requirements of the Wyoming Sex Offender Registration Act. As a registered sex offender, Cortez was required to keep the Wyoming Department of Corrections, Division of Field Services (hereinafter, "Probation and Parole") advised of her place of residence. She was required to update such information within three days of any change of residence. She could not reside within 1000 feet of a school.

3.    In late 2018, Respondent left his employment as a public defender in Rawlins and moved to Green River, where he took a job as a civil attorney with the Sweetwater County Attorney's Office. Respondent rented an apartment at the Monroe Apartments, located at 145 Monroe Avenue in Green River. His sexual relationship with Cortez continued.

4.    In March 2019, Cortez moved from Rawlins to Green River. On March 12, 2019, Cortez reported to Sweetwater County Probation and Parole that her residential address had changed to 2230 Cumorah Way in Green River. On March 21, 2019, Cortez reported that her home address was 211 S. 5th E. in Green River. As discussed more fully below, Cortez did not report that from March 11, 2019, to March 17, 2019, she resided at Respondent's apartment.

5.    In early May 2019 Sweetwater County Probation and Parole confiscated Cortez's cell phone and requested the Sweetwater County Sheriff's Office ("SCSO") to perform a forensic examination of the device in search for evidence of probation violations. The forensic examination was performed by Lieutenant Joseph Tomich of the SCSO.

6.    Using the device's location history, Lieutenant Tomich discovered that Cortez spent the nights of March 11, 2019, through March 17, 2019, at the Monroe Apartments. The Monroe Apartments are located less than 200 feet from a public school.

2

7. On May 20, 2019, Lieutenant Tomich contacted Respondent and requested to interview him regarding Cortez. While Lieutenant Tomich was en route to the courthouse for the interview, Respondent contacted Cortez and told her he was going to be interviewed and asked if anything was happening. During the interview, which was audio recorded, Respondent told Lieutenant Tomich that Cortez had spent some time at his apartment shortly after her move to Green River but denied that Cortez had ever spent the night there. In his written report of the interview, Lieutenant Tomich described Respondent as "consistently deceptive when asked questions pertaining to Cortez staying at his house during the week of March 11, 2017, through 17, 2019. Lieutenant Tomich reported that Respondent tried to divert questions "to irrelevant topics and avoided answering questions directly." Lieutenant Tomich described Respondent's body language during the interview as "deceptive."

8. After he completed his interview with Respondent, Lieutenant Tomich interviewed Cortez. According to Lieutenant Tomich's report of the interview, Cortez admitted staying with Respondent for approximately one week following her move to Green River. Cortez told Lieutenant Tomich that she intentionally omitted telling Probation and Parole that she was staying at Respondent's residence "to avoid causing problems for him, as their relationship got him fired from a job in Rawlins."

9. As a result of this and other infractions, Cortez has been charged in Sweetwater County with violations of the Wyoming Sex Offender Registration Act. There are also proceedings underway in Carbon County to revoke her probation.

10. When Respondent learned that additional charges were brought against Cortez, he contacted Bar Counsel and self-reported his conduct. Respondent has cooperated with Bar Counsel in reaching a stipulation for the appropriate disciplinary sanction for his conduct.

3

11. Pursuant to Rule 12 of the Wyoming Rules of Disciplinary Procedure, Respondent conditionally admits that in misrepresenting where Cortez was residing during the week of March 11, 2019, through March 17, 2019, to Lieutenant Tomich, Respondent violated Rule 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation) and Rule 8.4(d) (conduct prejudicial to the administration of justice) of the Wyoming Rules of Professional Conduct.

12. Respondent conditionally admits that he made the misrepresentations to Lieutenant Tomich with full knowledge of their falsity and with knowledge that there was the potential for harm to the administration of justice as a result of Respondent's misrepresentations to Lieutenant Tomich.

13. Respondent expresses extreme shame for his conduct. He feels as if he has squandered his reputation and possibly his career. Respondent has apologized to Lieutenant Tomich and clarified things with his bosses immediately after the Lieutenant's report was written. Respondent has also apologized to family, friends and Bar Counsel.

14. The parties stipulate that in applying the applicable sanction standard as set forth below, the presumptive sanction for Respondent's violation of Rule 8.4(c) is a public censure.

15. The parties stipulate that in applying the applicable sanction standard as set forth below, the presumptive sanction for Respondent's violation of Rule 8.4(d) is suspension.

16. In Respondent's case, the parties agree that aggravating factors include: (1) a dishonest or selfish motive and (2) substantial experience in the practice of law. Mitigating factors include: (1) absence of a prior disciplinary record; (2) full and free disclosure to Bar Counsel and a cooperative attitude toward proceedings; (3) remorse; and (4) good character. This last mitigating factor is demonstrated by, among other things, Respondent's extensive

4

history of pro bono service, for which he was recognized with a Pro Bono Award for Legal Service for Indigent Clients by the Wyoming State Bar in September 2018. The Review Panel was impressed with Respondent's heartfelt expression of remorse for his conduct. The Review Panel finds that this mitigating factor, as well as Respondent's impressive record of pro bono public service, should be given great weight in determining the appropriate sanction in this matter.

17. Respondent concedes that, in consideration of the foregoing factors, a public censure is the appropriate sanction for the conduct to which Respondent has conditionally admitted. The Review Panel agrees.

18. If the Court issues an Order of Public Censure in accordance herewith, Bar Counsel and Respondent agree to the following press release:

> The Wyoming Supreme Court issued an order of public censure to Green River attorney John Joseph DeLeon. The public censure stemmed from DeLeon's conduct, during his employment with a county attorney's office, in making misleading statements to a law enforcement officer regarding the place of residence of a female registered sex offender who resided with DeLeon for approximately one week. When questioned by the law enforcement officer, who was investigating possible violations of the Wyoming Registered Sex Offender Act by the woman, DeLeon denied that the woman had ever resided with him. After the woman was charged with violating the Act, DeLeon disclosed his misrepresentations to the Wyoming State Bar. DeLeon admitted that he had made the misrepresentations and stipulated that such conduct violated Rules 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation) and 8.4(d) (conduct prejudicial to the administration of justice) of the Wyoming Rules of Professional Conduct.
>
> In approving the stipulation of DeLeon and Bar Counsel for a public censure for this conduct, a Review Panel of the Board of Professional Responsibility noted that DeLeon did not, at any time, have an attorney-client relationship with the woman. The Review Panel found that DeLeon's candor in self-reporting the incident to Bar Counsel, his cooperation with the disciplinary process, the absence of any prior discipline, his heartfelt expression of remorse for his conduct, as well as DeLeon's extensive history

5

of exemplary pro bono service to indigent clients, were significant mitigating factors.

In accepting the Review Panel's recommendation for a public censure as the appropriate sanction for DeLeon's misconduct, the Court ordered DeLeon to pay an administrative fee in the amount of $750.00 and costs of $50.00 to the Wyoming State Bar.

## Conclusions of Law

19. Rule 15(b)(3)(D), W.R.D.P., provides, "In imposing a sanction after a finding of misconduct by the respondent, the BPR shall consider the following factors, as enumerated in the ABA Standards for Imposing Lawyer Sanctions:"

1. Whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession;
2. Whether the lawyer acted intentionally, knowingly, or negligently;
3. The amount of the actual or potential injury caused by the lawyer's misconduct; and
4. The existence of any aggravating or mitigating factors.

20. **First Factor: The Duty Violated.** Respondent's violation of Rule 8.4(c) implicates Standard 5.1, "Failure to Maintain Personal Integrity":

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, or in cases with conduct involving dishonesty, fraud, deceit or misrepresentation:

5.11 Disbarment is generally appropriate when:
   (a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of any other commit any of these offenses; or
   (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.

5.12 Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously reflects on the lawyer's fitness to practice.

5.13 Reprimand [i.e., "public censure" under Rule 9(a)(3) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer knowingly engages in any other conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law.

5.14 Admonition [i.e., "private reprimand" under Rule 9(a)(4) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer engages in

7

any other conduct that reflects adversely on the lawyer's fitness to practice law.

21.  Violations of Rule 8.4(d) fall within Standard 6.1, which provides:

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving conduct that is prejudicial to the administration of justice or that involves dishonesty, fraud, deceit, or misrepresentation to a court:

6.11  Disbarment is generally appropriate when a lawyer, with the intent to deceive the court, makes a false statement, submits a false document, or improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding.

6.12  Suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

6.13  Reprimand is generally appropriate when a lawyer is negligent either in determining whether the statements or documents are false or in taking remedial action when material information is being withheld, and causes injury or potential injury to a party to the legal system, or causes an adverse or potentially adverse effect on the legal proceeding.

6.14  Admonition is generally appropriate when a lawyer engages in an isolated instance of neglect in determining whether the submitted statements or documents are false or in failing to disclose material information upon learning of its falsity, and causes little or no actual or potential injury to a party, or causes little or no adverse or potentially adverse effect on the legal proceeding.

22.  _Second Factor: The Lawyer's Mental State._ The Preface to the ABA Standards includes the following discussion regarding mental state:

The mental states used in this model are defined as follows. The most culpable mental state is that of intent, when the lawyer acts with the conscious objective or purpose to accomplish a particular result. The next most culpable mental state is that of knowledge, when the lawyer acts with conscious awareness of the nature or attendant circumstances of his or her conduct both without the conscious objective or purpose to accomplish a particular result. The least culpable mental state is negligence, when a lawyer fails to be aware of a substantial risk that circumstances exist or that a result will follow, which failure is a deviation of a care that a reasonable lawyer would exercise in the situation.

23.  _Third Factor: Actual or Potential Injury._ Under the ABA Standards, "injury" is

8

defined as "harm to a client, the public, the legal system, or the profession which results from a lawyer's misconduct. The level of injury can range from 'serious' injury to 'little or no' injury; a reference to 'injury' alone indicates any level of injury greater than 'little or no' injury." "Potential injury" is defined as "harm to a client, the public, the legal system or the profession that is reasonably foreseeable at the time of the lawyer's misconduct, and which, but for some intervening factor or event, would probably have resulted from the lawyer's misconduct."

22.     Fourth Factor: Aggravating and Mitigating Factors.  ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:

9.1     *Generally*
After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.

9.2     *Aggravation*
    9.21     *Definition.* Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.
    9.22     *Factors which may be considered in aggravation.* Aggravating factors include:
    (a)  prior disciplinary offenses;
    (b)  dishonest or selfish motive;
    (c)  a pattern of misconduct;
    (d)  multiple offenses;
    (e)  bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
    (f)  submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
    (g)  refusal to acknowledge wrongful nature of conduct;
    (h)  vulnerability of the victim;
    (i)  substantial experience in the practice of law;
    (j)  indifference in making restitution; and
    (k)  illegal conduct, including that involving the use of controlled substances.

9.3     *Mitigation.*
    9.31     *Definition.* Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.
    9.32     *Factors which may be considered in mitigation.* Mitigating factors include:

(a) absence of a prior disciplinary record;

(b) absence of a dishonest or selfish motive;

(c) personal or emotional problems;

(d) timely good faith effort to make restitution or to rectify consequences of misconduct;

(e) full and free disclosure of disciplinary board or cooperative attitude toward proceedings;

(f) inexperience in the practice of law;

(g) character or reputation;

(h) physical disability;

(i) mental disability or chemical dependency including alcoholism or drug abuse when:

    (1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;

    (2) the chemical dependency or mental disability caused the misconduct;

    (3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and

    (4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.

(j) delay in disciplinary proceedings;

(k) imposition of other penalties or sanctions;

(l) remorse; and

(m) remoteness of prior offenses.

9.4     *Factors Which Are Neither Aggravating nor Mitigating.*

The following factors should not be considered as either aggravating nor mitigating:

(a) forced or compelled restitution;

(b) agreeing to the client's demand for certain improper behavior or result;

(c) withdrawal of complaint against the lawyer;

(d) resignation prior to completion of disciplinary proceedings;

(e) complainant's recommendation as to sanction; and

(f) failure of injured client to complain.

## Recommendation

In consideration of the foregoing findings of fact and conclusions of law, the Review Panel recommends as follows:

1.     That Respondent receive a public censure for violations of Rule 8.4(c) and 8.4(d), W.R.Prof.Cond.

2.     That, upon issuance of the order of public censure, the foregoing press release may be issued.

3.     That Respondent be required to pay an administrative fee of $750.00 and costs of $50.00 to the Wyoming State Bar within 10 days of such order.

Dated this 28th day of October, 2019.

John A. Masterson, Chair
Review Panel of the Board of Professional
Responsibility
Wyoming State Bar

11